**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDERICK O. JONES, JR., and FREDERICK
O. JONES,

        Plaintiffs,

                                                  Case No. 16-11206

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Frederick O. Jones, Jr., on behalf of deceased claimant Frederick O. Jones, appeals from the denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") by the Commissioner of Social Security. Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R&R") advising the court to deny Plaintiff's motion for summary judgment and instead grant Defendant's cross-motion. (Dkt. #17.) Plaintiff timely filed an objection to the R&R ("Objection") (Dkt. #18), and the Defendant filed a reply (Dkt. #19). After reviewing the R&R and the Plaintiff's brief, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections and adopt the R&R.

## I. BACKGROUND

The claimant filed for DIB and SSI in 2009 and again in 2011. After numerous hearings and appeals, the end result of these proceedings was that he was granted a

closed period of benefits from December 4, 2010 to December 31, 2011, died in August of 2013 with his son substituted as the party in interest, and was then denied any additional benefits on the basis that he would not have been disabled but for his alcoholism. Following cross-motions for summary judgment, Magistrate Judge Patricia Morris issued an R&R recommending that the court deny Plaintiff's motion and grant Defendant's because: 1) whether the administrative law judge ("ALJ") failed to comply with the Appeals Council order is not reviewable; 2) the ALJ was not required to obtain additional medical expert testimony; and 3) it was reasonable for the ALJ to conclude that alcoholism contributed to the claimant's disability.

Plaintiff filed objections arguing that the R&R mistakenly concluded that additional expert testimony was not required because it misapprehended the effective date of Social Security Ruling 17-2P as March 27, 2014 when it was actually three years later, meaning that Social Security Ruling 96-6P was applicable to the determination and required expert testimony. He also contends that the R&R incorrectly assessed that the ALJ's determination that alcohol contributed to the disability was supported by substantial evidence, when in fact the claimant had been unable to work regardless of his alcohol problems.

In reply, Defendant concedes that Plaintiff is correct about the effective date of Social Security Ruling 17-2P, but that even under the standard of Social Security Ruling 96-6P, additional expert testimony was not required in this case. Defendant also argues that Plaintiff's assertions about the ALJ's cursory treatment of whether alcohol contributed to the disability are simply a restatement of arguments already presented

to—and rejected by—the magistrate judge, and thus cannot justify a departure from the R&R.

## II. STANDARD

The filing of timely objections to an R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## III. DISCUSSION

### A. Medical Expert Testimony

It is undisputed that the R&R was mistaken as to the effective date of Social

Security Ruling 17-2P, and Social Security Ruling 96-6P applied to Plaintiff's case. While the Magistrate Judge incorrectly stated that Social Security Ruling 17-2P was in place, even using the standard memorialized in Social Security Ruling 96-6P as Plaintiff advises would not alter the ultimate conclusion that an updated medical judgment is not required, because the two conditions identified therein are not met in this case. Social Security Ruling 96-6P holds that an ALJ must call on a medical expert for an updated medical judgment as to medical equivalence in one of two scenarios:

> When no additional medical evidence is received, but in the opinion of the administrative law judge or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>
> When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

SSR 96-6P (S.S.A. July 2, 1996).

Plaintiff tries to shoehorn the instant case into one or both of the above inapplicable provisions by asserting an "SSA policy that requires [an] updated medical expert opinion when information is received that could affect the expert's previous finding[,]" and that despite being considered by the ALJ, some "impairments were not even referenced in the records reviewed by the consultative examiners, upon whose opinion the ALJ provided some weight[.]" (Dkt. #18, Pg. ID 979.) Plaintiff concludes by trying to read into the ruling a third scenario requiring an additional medical expert opinion "where prior evidence was not reviewed in the previous favourable decision[.]" (*Id.* at Pg. ID 980.) Whatever the wisdom of such a rule, it is not contained within the

4

plain text of the applicable Social Security Ruling and thus cannot justify a determination that the ALJ erred by failing to obtain additional testimony. For this reason, the court will overrule Plaintiff's first objection to the R&R.

## B. Alcoholism as Material Contributing Factor to Disability

The R&R rightly criticizes Plaintiff's treatment of the ALJ's interpretation of the evidence regarding the effects of the claimant's alcoholism on his disability, calling the complaints "generalized" and assessing that, despite bearing the "burden of demonstrating that the substance abuse was not a contributing factor material to his disability[, . . .] Plaintiff has failed to discuss, much less dispute" the findings of the ALJ that the claimant was capable of specific activities during his periods of sobriety. (Dkt. #17, Pg. IDs 973-74.) Plaintiff's objections do not respond to these charges and instead reiterate verbatim the generalized grievances aired in his motion for summary judgment:

> Despite repeating "if the claimant had stopped the substance use" over and over, the ALJ's decision did not go over, with particularity, how Plaintiff's alcoholism and his hypothetical sobriety would affect his skills, activities of daily living and residual functional capacity. Despite issuing alternate RFCs based upon Plaintiff as he was, an alcoholic, and has (sic) he could have been sober, the ALJ failed to articulate why these differences would exist.

(Dkt. #12, Pg. ID 915-16; Dkt. #18, Pg. ID 982.)

"When Plaintiff's objections merely recite duplicate arguments, 'this Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations.'" *Williams v. Comm'r of Soc. Sec.*, No. 16-12176, 2017 WL 2953048, at *2 (E.D. Mich. July 11, 2017) (quoting *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013)); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509

(6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). The court will therefore overrule this objection as well.

### IV. CONCLUSION

IT IS ORDERED that Plaintiff's Objections to the R&R (Dkt. #18) are OVERRULED.

IT IS FURTHER ORDERED that the recommendation of the R&R (Dkt. #17) is ADOPTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. #12) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. #16) is GRANTED. A separate judgment shall issue.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2017, by electronic and/or ordinary mail.

    s/Lisa Wagner
    Case Manager and Deputy Clerk
    (810) 292-6522